IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lynn Larry Hunt, # 169197, *aka* Larry Lynn Hunt,<br><br>                              Plaintiff,<br><br>vs.<br><br>Warden Robert Stevenson,<br><br>                              Defendant. | Civil Action No. 6:14-2712-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff is an inmate at the Murray Unit of the Broad River Correctional Institution of the South Carolina Department of Corrections. The plaintiff has not listed defendants in the caption of the Complaint (doc. 1 at 1), but lists Warden Robert Stevenson as the defendant in the party information section of the complaint (doc. 1 at 2). The plaintiff indicates that he filed grievances but never received responses to his grievances (doc. 1 at 2).

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of the plaintiff's wish to be moved from the Murray Unit, an incident of excessive force, and denial of medical care. The plaintiff alleges or contends: (1) a medical doctor and Sergeant Beckett assaulted him on July 9, 2012 (doc. 1 at 2); (2) during the assault, the plaintiff was pulled off the table bottom and was hit in the neck and back and then was refused medical treatment (doc. 1 at 2–3); (3) the plaintiff should not be at the Murray Unit (doc. 1 at 3); (4) the plaintiff asked a Major, Lt. Seabies, Sergeant Cunningham, and a case worker to move him out of the Murray Unit, but he remains in the Murray Unit (doc. 1 at 3); (5) the plaintiff could get "jumped on again" by this sergeant (doc. 1 at 3); (6) the plaintiff wishes to be moved out of this unit because there is a security

problem and there is a safety hazard (doc. 1 at 3); (7) the plaintiff has also had trouble with Sergeant Cunningham in this unit (doc. 1 at 4); (8) the plaintiff believes that "they" are keeping him in the unit for retaliation (doc. 1 at 4); (9) the plaintiff has requested a transfer to the Perry Correctional Institution (doc. 1 at 4); (10) the plaintiff has not been allowed to see family members in two years after the assault by the sergeant (doc. 1 at 4); and (11) "the [sic] are holding" the plaintiff back from getting his incoming and outgoing legal mail (doc. 1 at 4). In his prayer for relief, the plaintiff seeks a court order directing the staff at the Broad River Correctional Institution to stop the cruel and unusual punishment that they are taking out on the inmates, one hundred thousand dollars, and medical care (doc. 1 at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff's placement or classification in the Murray Unit of the Broad River Correctional Institution is not actionable. The act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to legitimate governmental objectives. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from

a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather v. Reynolds*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); and *Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

Although excessive force and deliberate indifference to serious medical needs are actionable, Warden Robert Stevenson cannot be held responsible for the alleged assault by Sergeant Beckett or the inactions of medical staff. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); and *Smith v. Beasley*, C.A. Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007) (plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right). Moreover, the plaintiff has failed to show that the assault by Sergeant Beckett was the result of a policy or custom. *See Los Angeles County v. Humphries*, 131 S.Ct. 447 (2010); and *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. at 694. Finally, there is no basis for imposing supervisory liability upon Warden Stevenson. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); and *Slakan v. Porter*, 737 F.2d 368, 370–75 (4th Cir. 1984).

Based on the foregoing, it is, therefore, recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the important Notice on the next page.

| | |
|---|---|
| July 9, 2014 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).